UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE                                         :
                                              :         CHAPTER 7
WALTER KOSTRZEWSKI                            :         CASE NO. 18-50754 -JAM
                                              :
DEBTOR                                        :         October 17, 2018

**TRUSTEE'S OBJECTION TO
DEBTOR'S AMENDED CLAIM OF EXEMPTION IN TWO
PENN MUTUAL UNIVERSAL LIFE INSURANCE POLICIES**

TO:    THE HONORABLE JULIE A. MANNING,  U.S. BANKRUPTCY JUDGE:

Anthony S. Novak, Chapter 7 Trustee in the above-captioned case hereby objects to the Debtor's Amended Exemption in two Penn Mutual Universal life insurance policies and in support thereof, respectfully represents as follows:

1. The Debtor filed a pro se Chapter 7 bankruptcy petition on June 13, 2018.

2. The Debtor's original Chapter 7 Schedule A/B (*Personal Property*) filed with the court failed to include the Debtor's interest in two (2) life insurance policies the Debtor held with Penn Mutual Life Insurance Company, Policy No. ending in 2700 with a net cash surrender value of $3,016.62 and Policy No. ending in 6112 with a net cash surrender value of $42,191.59.

3. The Debtor filed Amended Schedules A/B and C on October 16, 2018 (Doc ID #14) disclosing said life insurance policies and claiming an exemption in $41,987.53 in cash surrender value pursuant to 11 USC §522(d)(7)&(8) and pursuant to Bankruptcy Rules 4003(b) and 9006(a), the Trustee has until November 16, 2018 to object to the amended exemptions claimed by the Debtor.

4. The Trustee objects to the following amended exemption claimed by the Debtor:

    a. "Life Insurance: Penn Mutual Universal Life_GUL" in the amount of $230.80. The Debtor seeks to exempt the policy pursuant to 11 USC §522(d)(7) & (8) in the amount of $230.80.

    b. "Life Insurance: Penn Mutual Universal Life_IUL" in the amount of $41,756.73. The Debtor seeks to exempt the policy pursuant to 11 USC §522(d)(7)&(8) in the amount of $41,756.73.

5. The Trustee objects to the exemptions claimed pursuant to 11 USC §522(d)(7) &(8) for the following reasons:

    a. The exemption of unmatured life insurance contracts, whether under the federal bankruptcy exemption statute or State statutes, does not extend to an exemption of cash value. In re Sims 421 BR 745 (Bkrtcy. D.S.C. 2010).

    b. The Trustee objects to the exemption of all cash surrender amounts in excess of $12,625.00 as set forth in 11 USC §522(d)(8).

WHEREFORE, The Chapter 7 Trustee prays that the Court sustain his objections to the Debtor's amended exemptions in two life insurance policies with cash surrender value aggregating $41,987.53 and that he have other such further relief as the Court deems proper and just.

          ANTHONY S. NOVAK, TRUSTEE

          By */s/ Anthony s. Novak*
          Anthony S. Novak
          Chapter 7 Trustee
          Federal Bar #ct09074
          280 Adams Street
          Manchester, CT 06042-1975
          Tel: 860-432-7710

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE : | |
| : | **CHAPTER 7** |
| WALTER KOSTRZEWSKI : | **CASE NO. 18-50754 -JAM** |
| : | |
| DEBTOR : | |

**ORDER DISALLOWING DEBTOR'S AMENDED EXEMPTION**

Upon the Chapter 7 Trustee's Objection to Debtor's Claim of Exemption ECF No. \_\_\_\_, as set forth in the Debtor's amended schedules, having been heard by the Court after notice, it is hereby

ORDERED that the Trustee's Objections to Debtor's Amended Claim of exemptions in two Penn Mutual Universal life insurance policies pursuant to 11 USC §522(d)(7) and 11 USC §522 (d)(8) in the aggregate amount of $41,987.53 is sustained.